IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BHAVANIDAS KODE,**                                   07-CV-915-BR

        **Plaintiff,**                              **OPINION AND ORDER**

v.

**TARA CARLSON,**

        **Defendant.**


**JOSEPH ANDREW GRUBE**
Ricci Grube Aita & Breneman, PLLC
1200 Fifth Avenue, Suite 625
Seattle, WA 98101
(206) 624-5975

**PAUL WALLSTROM**
Mosler Schermer Wallstrom Jacobs & Sieler
600 University St., Suite 2701
Seattle, WA 98101-1176
(206) 576-6904

        Attorneys for Plaintiff


1   -   OPINION AND ORDER

**GRETCHEN L. MANDEKOR**
Mandekor Lewis LLC
11020 N. Moore Ave.
Portland, OR 97217
(503) 283-0766

    Attorney for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Bhavanidas Kode's Motion for a New Trial (#72). For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### BACKGROUND

    On March 11, 2006, Defendant struck a trailer being towed by a vehicle in which Plaintiff was a passenger. On June 21, 2007, Plaintiff, a Washington resident, brought this diversity jurisdiction action against Defendant Tara Carlson, an Oregon resident, for negligence while operating a motor vehicle.

    The case was tried before a jury on July 8-9, 2008. Before trial Defendant admitted she was negligent and that her negligence caused Plaintiff to suffer some injury, the nature and extent of which was disputed. Accordingly, the Court instructed the jury as follows:

> "[T]he only issues for you to determine are (1) the nature and extent of the injury or injuries Plaintiff sustained as a result of Defendant's negligence, and (2) the amount of compensatory damages Plaintiff should receive as a result of his injury or injuries."

2  -  OPINION AND ORDER

The Court also instructed the jury that Plaintiff had the burden to prove by a preponderance of the evidence that his damages were caused by Defendant's admitted negligence. Finally, the Court instructed the jury to consider two types of damages available under Oregon law: "economic damages" and "noneconomic damages." In defining those terms, the Court stated:

> Economic damages are *any* objectively verifiable monetary losses that the Plaintiff incurred as a result of the Defendant's negligence. In determining the amount of economic damages, if *any*, consider:
>
> 1. The amount of *any* lost income, including wages and benefits, incurred by Plaintiff since the time of the accident and as a result of the injury or injuries he sustained in the accident; and
> 2. The reasonable value of *any* medical costs Plaintiff necessarily incurred as a result of the injury or injuries he sustained in the accident.
>
> Noneconomic damages are *any* subjective, non-monetary losses that the Plaintiff incurred as a result of the Defendant's negligence. The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. The law does require that all damages you award be reasonable. Thus, you must apply your own considered judgment of the evidence to determine the amount of *any* noneconomic damages to award. In determining the amount of noneconomic damages, if *any*, consider:
>
> 1. *Any* pain, mental suffering or emotional distress Plaintiff sustained as a result of the Defendant's negligence; and

3   -   OPINION AND ORDER

>    2.    *Any* inconvenience and interference with Plaintiff's normal and usual activities apart from activities in a gainful occupation that Plaintiff sustained from the time of the accident until the present as a result of the Defendant's negligence.

(Emphasis added.)

The Court notes Plaintiff did not request any instruction directing the jury to award some amount of damages as a matter of law nor did Plaintiff object to the instructions before or after they were given to the jury.

During jury deliberations, the jurors sent a note to the Court that described some out-of-court conduct by Plaintiff that one of the jurors witnessed during a recess. All of the jurors signed the note, which stated the jurors had agreed the conduct was not something they should rely on in their deliberations and that they would not do so. Before the Court was able to respond to the jurors' note, the jurors reported they had a verdict.

Before the jury returned to the courtroom, the Court read the note into the record and then proposed to the parties that the Court confirm the statements in the note with the jurors on the record; *i.e.*, confirm the jurors, in fact, did not consider Plaintiff's observed out-of-court conduct in their deliberations. The Court also advised the parties that the Court would provide counsel with an opportunity to make any relevant inquiries before the Court received the Verdict and discharged the jury.

4   -   OPINION AND ORDER

The parties agreed to this approach. In an on-the-record colloquy with the Court, the jury confirmed they did not consider in their deliberations Plaintiff's out-of-court conduct. The Court then asked counsel if they had any other inquiries of the jury before the jury reported their Verdict, and both counsel responded in the negative. In its Verdict, the jury did not award any economic or noneconomic damages to Plaintiff. After announcing the Verdict and before discharging the jury, the Court again inquired of counsel whether there were any additional inquiries of the jury that counsel wanted the Court to make receiving the Verdict and discharging the jury. Again, both counsel responded in the negative.

On August 5, 2008, the Court entered Judgment in favor of Defendant. On August 18, 2008, Plaintiff filed a timely Motion for New Trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A).

## **STANDARDS**

Under Federal Rule of Civil Procedure 59(a), a new trial may be granted if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice."  *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990). *See also* 11 *Charles Alan*

5   -   OPINION AND ORDER

*Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice and P.* § 2805 (2d ed. 1995)(the court has the power and the duty to order a new trial whenever, in its judgment, such action is required to prevent injustice).

## **DISCUSSION**

Plaintiff seeks a new trial on the ground that the Verdict is contrary to the weight of the evidence in light of the fact that Defendant admitted her negligence caused Plaintiff "some" injury.

As noted, Plaintiff did not request at any time a jury instruction directing the jury to award some amount of damages as a matter of law.  Plaintiff also did not object that the Verdict was deficient in light of the evidence when the the Court asked whether there was any inquiry to make of the jury before the Court received the Verdict and discharged the jury.

A party must raise any issue concerning possible inconsistencies in the jury's findings before the jury is excused or risk waiver of his objection.  *Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1331 (9th Cir. 1995).  Although Plaintiff contends his Motion for New Trial is not based on an "inconsisent" Verdict, Plaintiff's failure to object at trial nonetheless precluded any additional instruction to the jury while they were still empaneled for deliberations.  Thus, if

6   -   OPINION AND ORDER

Plaintiff believed the jury's Verdict of zero damages was against "the clear weight of the evidence," the Court concludes Plaintiff was required to raise that issue while there was still an opportunity to address the matter with the jury before the jury was excused.  Having failed to do so, Plaintiff waived this basis as a ground for a new trial.  *See Philippine Nat'l Oil Co. v. Garrett Corp.*, 724 F.2d 803, 805-06 (1984)(objection to a verdict of no damages waived if not raised at the time the verdict is read).

In addition, in a footnote to his Memorandum in Support of Motion, Plaintiff refers to the jurors' note regarding Plaintiff's out-of-court conduct as a possible basis for a new trial.  As noted, however, Plaintiff did not voice any concerns regarding the note when the Court asked the parties whether they wished to raise any issues before the Court received the Verdict and discharged the jury.  In any event, there is not any evidence that the jury considered Plaintiff's observed out-of-court conduct when deciding this case.

The Court, therefore, concludes Plaintiff waived his right to challenge the Verdict and, accordingly, the Court concludes Plaintiff is not entitled to a new trial on the basis that the jury awarded zero damages.[1]

---

[1] In light of this conclusion, the Court need not address the other arguments the parties have made in their briefing of Plaintiff's Motion for a New Trial.

7   -   OPINION AND ORDER

**CONCLUSION**

For the these reasons, the Court **DENIES** Plaintiff Bhavanidas Kode's Motion for a New Trial (#72).

IT IS SO ORDERED.

DATED this 7th day of November, 2008.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge