**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BHAVANIDAS KODE, a Washington individual,
    *Plaintiff-Appellant,*

v.

TARA N. CARLSON, an Oregon individual,
    *Defendant-Appellee.*

No. 08-36056

D.C. No.
3:07-cv-00915-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
December 9, 2009—Portland, Oregon

Filed February 25, 2010

Before: Jerome Farris, Dorothy W. Nelson and
Marsha S. Berzon, Circuit Judges.

Per Curiam Opinion

Case 3:07-cv-00915-BR   Document 88   Filed 02/25/10   Page 2 of 14
Case: 08-36056   02/25/2010   Page: 2 of 9   ID: 7243750   DktEntry: 28-1

KODE v. CARLSON                                         3075

## COUNSEL

Joseph A. Grube, Ricci Grube Aita & Breneman, Seattle, Washington, for the plaintiff-appellant.

Thomas W. Brown and Julie A. Smith, Cosgrave Vergeer Kester, Portland, Oregon, for the defendant-appellee.

Case 3:07-cv-00915-BR   Document 88   Filed 02/25/10   Page 3 of 14
Case: 08-36056   02/25/2010   Page: 3 of 9   ID: 7243750   DktEntry: 28-1

3076                        KODE v. CARLSON

## OPINION

PER CURIAM:

### I.  Background

In March 2006, Tara Carlson struck a trailer being towed by a vehicle in which Bhavanidas Kode was a passenger. In June 2007, Kode brought a diversity action against Carlson claiming economic and non-economic damages totaling $1,000,000. Although Carlson admitted she was negligent and that her negligence caused Kode to suffer some injury, the nature and extent of the injury remained in dispute.

Kode and Carlson both testified at trial, as did a witness and both parties' expert witnesses. Kode's expert witness, Dr. Anne Anderson, testified that Kode had sustained back pain radiating down his right calf, that a CT scan showed disk protrusion, an MRI confirmed the CT scan, and that in her expert opinion, the accident had probably caused those problems. She also opined that the treatments that Kode had paid for were necessary as a result of the accident and were reasonably and customarily priced.

Carlson's expert witness, Dr. Robert Cook, testified that neither the CT scan nor the MRI revealed any evidence of permanent, ongoing, or acute injury that could or would likely have been caused by the accident. When asked what injury Kode sustained from the accident, Dr. Cook testified that "a lumbar strain is certainly not inappropriate even though he didn't present early on; maybe for a variety of reasons. But a lumbar sprain, I would accept." Dr. Cook further testified that lumbar sprains are very common, come in varying degrees, and can be brought on by as slight an aggravation as a hard sneeze.

The jury was informed that Kode did not seek medical services for the auto accident until two months after the accident.

KODE v. CARLSON 3077

Dr. Cook testified that it was "unusual for people with significant injuries not to seek treatment for two months." He further testified that "some [lumbar strains] resolve totally within three weeks. Six is probably average. Maybe sometimes they linger to 12 weeks." He also opined that Kode probably did not sustain any permanent injury from the accident and that his reactions were somewhat "exaggerated" under examination by palpitation. He stated that the charges Kode sustained from his first medical visit were fairly conventional and reasonable.

At the close of arguments, the district court instructed the jury as follows:

> Defendant admits she was negligent and that her negligence caused the Plaintiff to sustain some injury. The only issues for you to determine are (1) the nature and extent of the injury or injuries Plaintiff sustained as a result of Defendant's negligence, and (2) the amount of compensatory damages Plaintiff should receive as a result of his injury or injuries.
>
> * * *
>
> In determining the amount of economic damages, if any, consider:
>
> 1. The amount of any lost income . . . as a result of the injury . . . .
>
> 2. The reasonable value of any medical costs Plaintiff necessarily incurred as a result of the injury . . . .

The jury instructions also included specific instructions on how to award non-economic damages, "if any."

The jury found that Kode had sustained zero economic and zero non-economic damages. After the district court judge

read the verdict in court, the judge asked the parties if they had any inquiries before the court discharged the jury. Both counsel responded that they did not.

Kode subsequently filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59, arguing that "there was simply no evidence presented at trial which support[ed] an award of zero economic and zero non-economic damages." Relying primarily on *Philippine Nat'l Oil Co. v. Garrett Corp.*, 724 F.2d 803 (9th Cir. 1984), the district court denied the motion for a new trial, holding that by failing to object to the zero damages verdict before the jury was discharged, Kode had waived his objection to the verdict. The district court did not weigh the substantiality of the evidence presented to the jury. Kode filed a timely appeal.

## II. Standard of Review

A Rule 59 motion for a new trial is confided to the discretion of the district court, whose decision will be overturned on appeal only for abuse of discretion. *Phillipine*, 724 F.2d at 805. In this case, the denial of the motion was based on the legal determination that Kode had waived his objection to the jury verdict. That determination was a conclusion of law, which we review de novo. *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

## III. Waiver

**[1]** Carlson correctly points out that we hold that motions for a new trial challenging a zero damages award as inconsistent with liability are waived when either: (1) a jury verdict finds liability but no damages and the moving party does not object before jury discharge; or, more generally, (2) the moving party argues that the jury has rendered a verdict that contains two legal conclusions that are inconsistent with one another, and the moving party does not object before jury discharge. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020,

1030-36 (9th Cir. 2003); *Philippine Nat'l Oil Co. v. Garrett Corp.*, 724 F.2d 803, 805-06 (9th Cir. 1984).

**[2]** This rule recognizes that district court judges are in a unique position to instruct the jury regarding the meaning of the law, including whether two legal conclusions by the jury are inconsistent. *See Zhang*, 339 F.3d at 1034-37. Where the jury's verdict is in no way internally inconsistent, there is no more basis for resubmission to the jury than in any other case in which a party believes the verdict to be inconsistent with the record. The usual procedures for overturning jury verdicts as inconsistent with the facts therefore suffice and may be used without objecting to the verdict before the jury is dismissed. *See* Fed. R. Civ. P. 59; Fed. R. Civ. P. 50.

*Philippine* does not control this case. Kode does not challenge a purported conflict between two legal conclusions by the jury. Kode cannot make that challenge because the jury rendered only one general verdict; an award of zero damages.

**[3]** The district court's holding that *Philippine* waivers extend to any case in which zero damages are awarded was thus incorrect as a matter of law. Kode's motion for a new trial based on sufficiency of the evidence was not waived.

**IV. Merits of the Rule 59 Motion**

**[4]** The district court has not yet addressed the merits of Kode's Rule 59 motion but the parties have fully briefed the merits in this court. Whether we may rule on the merits of a Rule 59 motion for a new trial based on the weight of the evidence where the district court has not yet done so because it found the motion waived appears to present an issue of first impression in this court. Assuming, without deciding, that we may rule on the merits in such circumstances, we refrain from doing so in this case for the following reasons.

Review of the merits of a Rule 59 motion for a new trial is confided to the discretion of the district court. Although the

trial judge can weigh the evidence and assess the credibility of witnesses, we may not. *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) ("The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court.").

We review the trial court's decision on a Rule 59 motion for a new trial on the grounds that the verdict is against the clear weight of the evidence for an abuse of discretion. *Landes*, 833 F.2d at 1372. In many, but not all, cases where we have reviewed a denial of a Rule 59 motion for a new trial based on the clear weight of the evidence, we have reviewed for a "clear" abuse of discretion, a wording that emphasizes our deference to the jury's findings and our obligation to decide matters of law, not of fact. *Compare Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1013 (9th Cir. 2007), *and Zhang*, 339 F.3d at 1039-40, *and Oswald v. Cruz*, 289 F.2d 488, 488 (9th Cir. 1961) ("[W]e arrive short of finding a clear abuse of discretion . . . . We shall never know in this case the tone of voice and the grimaces, if any . . . ."), *with Dorn v. N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1189 (9th Cir. 2005) (reviewing denial of new trial motion for abuse of discretion, not "clear" abuse of discretion). The addition of the word "clear" does not change the core review for an abuse of discretion, but rather emphasizes the limited nature of our appellate function. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (referring to a "clear abuse of discretion" standard before referring back to a mere "abuse of discretion" standard and examining for "reasonable" discretion); *cf. La Buy v. Howes Leather Co.*, 352 U.S. 249 (1957) (referencing a district court's exceeding or refusing to exercise its functions while discussing a clear abuse of discretion). Specifically, where the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, the district court's denial of a Rule 59 motion is "virtually unassailable. In such cases, we reverse for a clear abuse of discretion only where there is

Case 3:07-cv-00915-BR Document 88 Filed 02/25/10 Page 8 of 14
Case: 08-36056 02/25/2010 Page: 8 of 9 ID: 7243750 DktEntry: 28-1

KODE v. CARLSON 3081

an *absolute absence of evidence* to support the jury's verdict." *Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 957 (9th Cir. 1998) (emphasis in original) (quoting *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656-57 (8th Cir. 1995) (White, J.)).

Normally, we reverse under the abuse of discretion standard only when the district court reaches a result that is illogical, implausible, or without support in the inferences that may be drawn from the record. *U.S. v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009). The abuse of discretion standard requires us to uphold a district court determination that falls within a broad range of permissible conclusions, provided the district court did not apply the law erroneously. *Grant v. City of Long Beach*, 315 F.3d 1081, 1091 (9th Cir. 2002). In some cases reversing a district court's grant of a new trial based on the clear weight of the evidence, we have used a phraseology that may seem to convert the deferential abuse of discretion standard into a de novo review, e.g., "if the jury's verdict is not clearly against the weight of the evidence, the trial court abuses its discretion in ordering a new trial." *Roy v. Volkswagen of America, Inc.*, 896 F.2d 1174 (9th Cir. 1990). That construction of the standard should not suggest that a finding of abuse of discretion automatically results from this court's independent assessment of whether the jury's verdict was against the clear weight of the evidence. A finding of abuse of discretion is warranted when the district court's conclusion — although not perhaps the same conclusion that we would reach — was outside of a broad range of permissible conclusions.

Assuming, without deciding, that we have the power to rule on the merits of a Rule 59 motion that the district court erroneously denied as waived, we hold that in order to rule for Kode on the as yet unaddressed merits of Kode's Rule 59 motion, we would have to determine that a district court ruling, on remand, for Carlson would necessarily involve an abuse of discretion. Conversely, to rule for Carlson, we would have to determine that a district court ruling, on remand, for

Kode, would necessarily involve an abuse of discretion. We note in passing that additional considerations might apply in a case in which the jury returned a verdict of at least $1 in damages, because we also review for abuse of discretion a district court's decision to condition grants or denials of new trial motions on remittiturs. *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 818-19 (9th Cir. 2001).

[5] Kode and Carlson stipulated as to negligence and some physical injury. There was substantial evidence supporting Kode's allegations of economic and non-economic harms as well as Carlson's defense to the allegations. Under the abuse of discretion standard, even if substantial evidence supports the jury's verdict, a trial court may grant a new trial if the verdict is contrary to the clear weight of the evidence. *See Silver Sage*, 251 F.3d at 819. The record does not demonstrate that it would necessarily be an abuse of discretion, or beyond the pale, for the district court to determine that the clear weight of the evidence required damages of at least one dollar, and that a new trial is required. The record also does not demonstrate that the district court would necessarily abuse its discretion by refusing to grant a new trial based on the clear weight of the evidence. In these circumstances, even if we have the power to affirm on the merits the district court's denial of the Rule 59 motion, we would instead remand for consideration of the motion's merits.

We VACATE the order of the district court and REMAND for consideration of the Rule 59 motion.

**VACATED AND REMANDED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings
(December 2009)

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)  A.  **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    ▶ A material point of fact or law was overlooked in the decision;
    ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

  B.  **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> ► Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> ► The proceeding involves a question of exceptional importance; or
> ► The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at  under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at  under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at  under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ► West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs ................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

_____ v. _____ 9th Cir. No. _____

The Clerk is requested to tax the following costs against: _____

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| Excerpt of Record | | | $ | $ | | | $ | $ |
| Opening Brief | | | $ | $ | | | $ | $ |
| Answering Brief | | | $ | $ | | | $ | $ |
| Reply Brief | | | $ | $ | | | $ | $ |
| Other** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* Costs per page may not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page.*

**Form 10. Bill of Costs -** *Continued*

I, _____ , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____

("s/" plus attorney's name if submitted electronically)

Date _____

Name of Counsel: _____

Attorney for: _____

_____

(To Be Completed by the Clerk)

Date _____    Costs are taxed in the amount of $ _____

Clerk of Court

By: _____ , Deputy Clerk